1  **HENNELLY & GROSSFELD LLP**
   Kenneth B. Grossfeld, CSB#110641
2  Brian M. Englund, CSB#070753
   11335 Gold Express Drive, Suite 145
3  Gold River, California 95670
   Telephone: (916) 638-8600/Facsimile: (916) 638-8770
4  E-mail: kgrossfeld@hgla.com

5  Attorneys for Defendants,
   SEARS, ROEBUCK AND CO. and
6  EMERSON ELECTRIC CO.

7

8
                UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10

11

12  ROBERT ROBERTSON,               )   CASE NO. C09-01056 SI
13          Plaintiff,              )   **STIPULATION AND PROTECTIVE
                                    )   ORDER**
14  v.                              )
                                    )
15  SEARS, ROEBUCK AND CO.;         )
   EMERSON ELECTRIC CO., and DOES  )
16  1 through 10, inclusive,        )
                                    )
17          Defendants.             )
                                    )
18                                  )
                                    )
19  _____  )

20      THE PARTIES STIPULATE AS FOLLOWS:

21      1.  The parties may produce documents in disclosure or in response to requests
22  for production of documents which may be considered by the party producing them to
23  contain information that is confidential, proprietary, sensitive, and/or trade secret.

24      2.  Any documents produced in this action which contain engineering, testing or
25  other technical data pertaining to the accident saw model which are not publicly available
26  may be stamped "Confidential" at the time of production.

27      3.  The parties and their attorneys of record shall use any documents marked
28  "Confidential" only in connection with this action.

---
1
**STIPULATION AND PROTECTIVE ORDER**

4. The parties and their attorneys of record shall not provide, distribute or, in any way, divulge any such documents marked as "Confidential" or any copies, or their contents, to any person. Notwithstanding the above prohibition, counsel for a party may provide the document and/or the contents thereof, to other attorneys for that party or their staff, and any consultant or expert retained in connection with this litigation. All consultants and experts as well as any person provided access to documents marked "Confidential", or the information therein, aside from attorneys of record and their staff, must first agree in writing to be bound by the terms of this Protective Order.

5. Upon the conclusion of this action, the parties shall return to the producing party all documents in their custody, possession or control which are marked "Confidential", including all copies thereof. Moreover, the parties shall destroy at the conclusion of this matter any compilation or extracts of information created for or used in the litigation which contains "Confidential" information.

6. For motions or other filings with the Court in which any party intends to submit documents or other information that has been designated as confidential, the designating party shall be provided an opportunity to file a motion to have such documents or information, in whole or in part, filed under seal, upon a showing of good cause.

7. Any party desiring to challenge a designation that a document or information should be considered Confidential, shall confer with the designating party's counsel and identify the specific documents or other information to which the challenging party objects to and provide an articulable basis for each objection. If the parties are then unable to reach agreement as to the Confidential designation, counsel for the designating party must, within ten (10) days of receipt of the notice of the challenge, apply to the Court for a determination. In any such proceeding, the designating party shall have the burden of establishing that the disputed documents or other information are Confidential as the case may be. The status of the disputed documents or other information shall continue unless and until such time as the Court rules otherwise. Upon a determination by the Court that the documents or other information was not properly designated, the designating party

shall provide a substitute of the document or other information without any designation.

8. The improper disclosure of any Confidential documents, material or information obtained under this Protective Order, or any other violation of this Order by any person or entity, shall render the offending person or entity subject to such sanctions as the Court deems an appropriate penalty, or deterrent for future violations, including without limitation, civil fines, attorneys' fees and costs incurred as a consequence of any such violation, whether filed in this action or such separate action as permitted by law.

9. Nothing in this Order shall be construed as a waiver of any party's right to object to the admissibility at trial of any documents covered by this Order.

10. The parties and their attorneys of record agree that obligations under this Order may only be modified by Order of the Court or signed stipulation by all counsel of record, and no acts of any party can constitute a waiver or release of any obligations or rights created by this Order.

HENNELLY & GROSSFELD LLP

Dated: June 10, 2009        By: _____
                                Brian M. Englund
                                Attorneys for Defendant
                                SEARS, ROEBUCK AND CO. and
                                EMERSON ELECTRIC CO.

LAW OFFICES OF RICHARD SAX

Dated: June 8, 2009         By: _____
                                Richard Bobus
                                Attorneys for Plaintiff
                                ROBERT ROBERTSON

### ORDER

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: _____, 2009      _____
                             UNITED STATES DISTRICT JUDGE

---

3

STIPULATION AND PROTECTIVE ORDER